Filing # 14991883 Electronically Filed 06/19/2014 10:14:59 AM

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT IN AND
FOR VOLUSIA COUNTY, FLORIDA

SURETY BANK, a Florida banking
corporation,

CASE NO.:
DIVISION:

    Plaintiff,

v.

DUNBAR ARMORED, INC., a
foreign profit corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, SURETY BANK, a Florida banking corporation (hereinafter referred to as "SURETY"), by and through its undersigned attorney, and sues Defendant, DUNBAR ARMORED, INC., a foreign profit corporation (hereinafter referred to as "DUNBAR"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of $15,000.00, exclusive of attorney's fees, interest and costs.

2.    SURETY is a Florida banking corporation, authorized and conducting business in the State of Florida, having its principal place of business located in DeLand, Volusia County, Florida.

3.    DUNBAR is a foreign profit corporation, authorized and conducting business in the State of Florida, having its principal place of business located in Hunt Valley, Maryland, and conducting business, in DeLand, Volusia County, Florida.

4. The transactions, events and agreements which form the basis for this lawsuit resulted in damages to SURETY located in DeLand, Volusia County, Florida, and therefore venue is proper pursuant to § 47.011, *Florida Statutes*.

5. All conditions precedent have occurred or have been waived.

## GENERAL ALLEGATIONS

6. DUNBAR offers cash management, cash delivery and armored services to various types of customers and clients throughout the country.

7. On or about December 28, 2012, SURETY and DUNBAR entered into a contract, whereby DUNBAR agreed to transport and deliver cash to such specific locations as specified and authorized by SURETY. A copy of said contract is attached hereto and incorporated herein as SURETY's Exhibit "A". The copy attached has been executed only by Plaintiff as the original contract executed by both parties is in the exclusive possession of the Defendant.

8. Pursuant to the agreement with DUNBAR, SURETY instructed DUNBAR at various times to make specific cash deliveries to UR Check Cashing Store, Inc. (hereinafter referred to as "UR"), a check cashing retail store, at 1241 S. Military Trail, West Palm Beach, Florida.

9. The instructions by Surety all specifically instructed DUNBAR to make the deliveries to UR at such location.

10. On or about July 1, 2013, unbeknownst to SURETY, UR closed its retail location located at 1241 S. Military Trail, West Palm Beach, Florida, and moved to 8401 Lake Worth Road, Suite 2-216, Lake Worth, Florida. The new location had no storefront and was located on an interior corridor on the second floor of a business office complex.

11. Knowing that SURETY would not authorize the delivery of cash to 8401 Lake Worth Road, Suite 2-216, Lake Worth, Florida, UR directly instructed DUNBAR (rather than SURETY) to deliver SURETY's cash to 8401 Lake Worth Road, Suite 2-216, Lake Worth, Florida and intentionally withheld from SURETY the request it made to DUNBAR as part of its ongoing scheme to defraud SURETY.

12. Without inquiring of Surety if the change of cash delivery locations was acceptable to SURETY, and without advising SURETY of the delivery location change or of UR's request, DUNBAR began making cash deliveries to UR at its "new" location located at 8401 Lake Worth Road, Suite 2-216, Lake Worth, Florida, even though the new location had no storefront and was on the interior corridor of the second floor of a business office complex.

13. DUNBAR made cash deliveries to the 8401 Lake Worth Road, Suite 2-216, Lake Worth, Florida, rather than the location authorized and directed by Surety, eighteen (18) times between July 2, 2013 and July 31, 2013. The total cash sum of the cash deliveries was $1,924,000.

14. DUNBAR did not notify SURETY that Dunbar had changed locations of its cash deliveries to UR.

15. DUNBAR knew, or should have known, that had SURETY been advised that DUNBAR was making cash deliveries to UR at a new location, which had no storefront and was on an interior corridor on the second floor of a business office complex, SURETY never would have authorized said deliveries and SURETY would have immediately instructed DUNBAR to stop delivering cash to UR and would have immediately ceased all further relationships with UR.

16. SURETY later discovered that at the same time that UR was instructing DUNBAR to change delivery locations, it was engaged in an ongoing, complex fraudulent

scheme of purchasing checks in bulk in clear violation of Chapter 560, Florida Statutes, and/or was engaged in an ongoing, complex fraudulent scheme of submitting forged and fraudulent checks to SURETY and requesting cash deliveries for the forged and fraudulent checks to its non-existent check cashing operation.

17. As a result of the aforementioned financial schemes, and DUNBAR's conduct as alleged herein, SURETY lost the sum of $820,279.51 that was delivered by DUNBAR to the non-retail location.

18. During this time, SURETY was unaware that UR had closed its storefront operation and was perpetuating a fraud from an interior corridor of an office building with no storefront located at 8401 Lake Worth Road, Suite 2-216, Lake Worth, Florida.

19. Surety was unaware that during this time, UR began purchasing forged and fraudulent checks in bulk, a clear violation of Chapter 560, Florida Statutes. Had DUNBAR properly advised SURETY that it was now delivering the cash to UR at an office building with no storefront and an interior corridor, SURETY would have immediately been aware that UR was purchasing checks in bulk and/or committing a fraud against it and would have immediately ceased all further deliveries of cash to UR.

20. Because of the failure of DUNBAR to advise SURETY that it was delivering cash to UR at an unapproved location in violation of the clear instructions to DUNBAR from SURETY, UR was able to commit the fraudulent schemes.

## COUNT I – BREACH OF CONTRACT

21. SURETY restates and re-alleges paragraphs 1 through 20 above as if fully set forth herein.

22. This is an action for breach of contract with damages in excess of $15,000.00, exclusive of attorneys' fees, costs and interest.

23. SURETY and DUNBAR entered into a written contract, whereby DUNBAR agreed to transport and deliver cash to specific locations determined and authorized by SURETY. A copy of said contract is attached hereto and incorporated herein as SURETY's Exhibit "A".

24. DUNBAR breached its contract with SURETY by:

   a) Failing to notify SURETY of UR's requested change to its delivery address;

   b) Accepting UR's instructions to change UR's delivery location;

   c) Failing to notify SURETY that it accepted UR's requested change of delivery location;

   d) Delivering cash to UR's new location at various times between July 1, 2013 and July 31, 2013;

   e) Delivering cash to an unauthorized, non-retail address located on the interior corridor of a second story office building with no storefront each time between July 1, 2013 and July 31, 2013;

   f) Failing to notify SURETY that it delivered cash each time between July 1, 2013 and July 31, 2013 to UR's new location; and

   g) Failing to notify SURETY that it delivered cash each time between July 1, 2013 to July 31, 2013 to UR's unauthorized, non-retail address located on the interior corridor of a second story office building with no storefront.

25. DUNBAR knew, or should have known, that SURETY would not allow DUNBAR to deliver cash to a location not designated or authorized by SURETY.

26. DUNBAR knew, or should have known, that SURETY would never have authorized cash deliveries to a non-retail location on the second floor of a business office complex which had no store front and located in an interior corridor of the building.

27. As a result of DUNBAR's breach of the subject contract, UR was able to carry out and perpetuate its fraudulent scheme on SURETY, which resulted in financial damages of $820,279.51.

28. SURETY has been damaged as a result of DUNBAR's breach of the subject contract.

29. All conditions precedent have occurred or have been waived.

WHEREFORE, Plaintiff, SURETY BANK, a Florida banking corporation, demands judgment against Defendant, DUNBAR ARMORED, INC., a foreign profit corporation, for damages in the sum of $820,279.51 resulting from Defendant's breach of the subject contract and for any other, further relief that this Court deems just and proper.

## COUNT II – NEGLIGENCE

30. SURETY restates and re-alleges paragraphs 1 through 20 above as if fully set forth herein.

31. This is an action for negligence with damages in excess of $15,000.00, exclusive of attorneys' fees, costs and interest.

32. DUNBAR is a company engaged in the business of handling, storing and delivering fiat money between banks, retailers and the Federal Reserve Bank. Specifically, DUNBAR holds, accounts for, and delivers cash to specified locations at the direction of its customers.

33. SURETY and DUNBAR entered into a written contract whereby DUNBAR would provide SURETY with cash vault processing in addition to offering armored car services for

delivery of SURETY's cash to specific retail locations. A copy of said contract is attached hereto and incorporated herein as SURETY's Exhibit "A".

34. One of the retail locations was UR located at 1241 S. Military Trail, West Palm Beach, Florida

35. As a company that holds itself out as a business that provides cash storage and transportation services and valuable management solutions and as a result of accepting Surety's cash for such purposes, DUNBAR owed SURETY a legal duty to exercise the care, diligence and skill commensurate with that undertaking.

36. DUNBAR breached its duty to SURETY when DUNBAR:

a) Received UR's request to change UR's delivery location and failed to notify SURETY of the same;

b) Accepted UR's request to change UR's delivery location;

c) Did not notify SURETY that it accepted UR's requested change of delivery location;

d) Delivered cash to UR's new location;

e) Delivered cash to an unapproved, non-retail address located on the interior corridor of a second story office building with no storefront; and

f) Failed to notify SURETY that it delivered cash each time between July 1, 2013 to July 31, 2013 to UR's new location; and

g) Failed to notify SURETY that it delivered cash each time between July 1, 2013 to July 31, 2013 to UR's unauthorized, non-retail address located on the interior corridor of a second story office building with no storefront.

37. DUNBAR knew, or should have known, as a company engaged in the business of armored car cash retail delivery services, that it should only deliver its customers cash to authorized retail locations as instructed or approved by its customers, including SURETY.

38. DUNBAR acted with a complete lack of due care each time it delivered cash to an unauthorized, non-retail address located on the interior corridor of a second story office building with no storefront.

39. As a direct and proximate result of DUNBAR's breach of its duty to SURETY, UR was able to carry out and perpetuate its fraudulent scheme on SURETY, which resulted in financial damages of $820,279.51.

WHEREFORE, Plaintiff, SURETY BANK, a Florida banking corporation, demands judgment against Defendant, DUNBAR ARMORED, INC., a foreign profit corporation, for damages in the sum of $820,279.51 resulting from Defendant's negligence and any other, further relief that this Court deems just and proper.

DATED this 19th day of June, 2014.

PAUL & ELKIND, P.A.
Attorneys at Law

/s/Harlan L. Paul
Harlan L. Paul, Esquire
Florida Bar No. 284955
142 East New York Avenue
DeLand, FL 32724
386-734-3020, Fax 386-734-3096
Attorney for Plaintiff